**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**KENNETH RIGGINS**                                                                    **PLAINTIFF**

      **v.**                            No.   3:24-cv-03001-TLB

**THE STATE OF ARKANSAS**                                                  **DEFENDANT**

## COMPLAINT

Plaintiff, Kenneth Riggins, for his Complaint against the Defendant, states:

## PARTIES, JURISDICTION, AND VENUE

1. This is an action pursuant to and authorized by 42 U.S.C. §§ 1981, 1983, and 2000(e); 29 U.S.C. § 201 (Fair Labor Standards Act); 29 U.S.C. § 206 (Equal Pay Act); and the statutory and common law of the State of Arkansas and any laws or causes of action identified herein.  This court has subject matter jurisdiction over the federal claims and pendent or supplemental jurisdiction over the state law claims because they are part of the same case or controversy.

2. Plaintiff is a male who is and was at all relevant times a citizen and resident of the State of Arkansas and, specifically, of Newton County, Arkansas, which is in the Western District of Arkansas.  At all relevant times, he was an employee of Defendant, The State of Arkansas ("the State").

3. The State is an "employer" generally and was the Plaintiff's "employer" under Title VII of the 1964 Civil Rights Act, the Fair Labor Standards Act, the Equal Pay Act, and all other applicable laws.

4. Substantial acts or omissions which are the basis of this action occurred in  the

Western District of Arkansas.  The Court can exercise personal jurisdiction and venue is proper.

## ADMINISTRATIVE PREREQUISITES

5.   Plaintiff filed a timely charge of employment discrimination based upon sex and age discrimination with the United States Equal Employment Commission ("EEOC") following the termination of his employment with the State.  This action is timely filed based on the date on which the Plaintiff received the notice of right to sue from the EEOC and dates on which the courthouses for the Western District of Arkansas were closed. Copies of the Charge of Discrimination and the right-to-sue notice are attached <u>Exhibits A & B.</u>

6.  In addition, this lawsuit contains claims for which the filing of a charge with the EEOC is not required.

## FACTS

7.   Plaintiff was employed by the State for more than 44 years.  Most recently, he was employed as an Area Livestock Inspector Supervisor for the Livestock & Poultry Commission, which is a commission existing under the Arkansas Department of Agriculture, which is a department of the State of Arkansas.

8.   Plaintiff was not employed in a position in which he exercised the kind of managment or professional responsibilities or otherwise had job duties which would have made him an "exempt" employee under the Fair Labor Standards Act.  His job duties did not include management responsibilities over subordinate employees.  He did not and could not hire or fire employees.  However, Defendant paid him on a salary basis.

9.   Defendant did pay Plaintiff overtime on occasion, such as during disease outbreaks among livestock and poultry in his geographic area.  However, Plaintiff routinely worked many hours in excess of 40 hours per week without receiving overtime pay to which he was entitled, which results in overtime pay obligations for Defendant.

10.   Even when he worked more than 40 hours in a week, Defendant instructed Plaintiff to report on written forms that he had worked 40 hours per week.  Since an employee who was exempt under the FLSA would not be entitled to overtime no matter how many hours were worked in a week, this action by Defendant shows a wilful intent to avoid paying overtime.

11.   Defendant divided the State of Arkansas into two areas, East and West, and assigned the two areas respectively to Plaintiff and to another person, a female who was many years younger than Plaintiff and had much less seniority, as the Livestock and Poultry Inspectors for those specific areas.  The jobs held and performed by Plaintiff and his counterpart for the Eastern area of Arkansas required substantially equal skill, effort and responsibility under similar working conditions.  However, the area Plaintiff was assigned, which was the Western area, included a much larger percentage of the cattle in the State, about two-thirds, than the area the other inspector, the younger female, was assigned.  At or about the time of this assignment of territories and responsibilities, the other inspector was given a 10% raise, though she had less seniority and a much smaller number of cattle for which she was responsible as compared to Plaintiff, but Plaintiff was not.  Promises by Defendant to rectify this discrepancy went unfulfilled.

12.   The other inspector's salary raise, given on a percentage basis, should have

been matched by a corresponding raise to Plaintiff.  Failure to pay Plaintiff the same salary

increase as that other employee violates the anti-discrimination statutes set out herein.

13.   Plaintiff has been underpaid a significant amount of money in unpaid overtime,

based on Defendant's failure to pay overtime.  The overtime calculation must include the

"bonus" payments made to Plaintiff which were not included in his regular salary but

which, when properly included, would have increased his overtime rate.  Defendant's

actions violated the FLSA.

14.   Based on the pay raise discrepancy and failure to pay amounts due, as set forth

above, which Defendant failed to remedy despite these issues being brought to the

attention of Defendant, Plaintiff resigned his employment on April 14, 2023.  This

amounted to a constructive discharge.

### CLAIMS AND CAUSES OF ACTION

### COUNT I: VIOLATION OF FEDERAL PROHIBITION AGAINST DISCRIMINATION IN EMPLOYMENT BASED ON SEX

15.   This Count seeks relief from Defendant for acts of discrimination which were

motivated wholly or in part by gender discrimination.  Plaintiff incorporates by reference

all allegations made previously.

16.   Plaintiff was a member of a class protected under Title VII and other applicable

federal and state laws against discrimination based on sex by his employer and its

supervisory personnel.

17.   Defendants engaged in unlawful employment practices against Plaintiff by

discriminating against him in his employment based, in whole or in part, upon his

sex/gender, as detailed in the preceding paragraphs and as may further be developed in this action. The acts of discrimination against Plaintiff violate the provisions of Title VII of the Civil Rights Act of 1964, as amended, including but not limited to 42 U.S.C. 2000e et seq., 1981, and 1983.

18. Defendants engaged in prohibited gender discrimination by giving a pay raise to a female employee who had been assigned the same type of job duties as Plaintiff in the other territory of the State of Arkansas but not giving a raise to Plaintiff, though one was promised to him. She and Plaintiff were assigned substantially the same job duties, even though he was required to carry a larger workload than his female counterpart.

19. Based on the above, Defendant engaged in unlawful discrimination based on sex and Plaintiff is owed damages as provided in the statute.

## COUNT II: VIOLATION OF THE FEDERAL PROHIBITION AGAINST DISCRIMINATION BASED ON AGE

20. This Count seeks relief from Defendant for acts of discrimination which were motivated wholly or in part by age discrimination. Plaintiff incorporates by reference all allegations made previously.

21. At the time of the termination of his employment, Plaintiff was 69 years of age. He was in a protected category for purposes of the Age Discrimination in Employment Act (ADEA).

22. Defendants engaged in prohibited age discrimination by not giving him a raise under the circumstances detailed above when Defendant gave a raise to a younger employee who was given substantially the same position as Plaintiff in her territory or

assigned area, even though he was required to carry a larger workload than his younger counterpart.

23.  Based on the above, Defendant engaged in unlawful discrimination based on age and Plaintiff is owed damages as provided in the statute.

### COUNT III:  VIOLATION OF FEDERAL FAIR LABOR STANDARDS ACT

24.  Plaintiff incorporates by reference all allegations made previously.

25.  Defendant is subject to the provision of the Fair Labor Standards Act ("FLSA").

26.  The FLSA requires employers to pay overtime at the rate of one and a half times the employee's regular rate for all hours in excess of 40 hours per week.  29 U.S. C. § 207.

27.  Plaintiff was not an exempt employee for purposes of the FLSA.  Accordingly, he was entitled to overtime pay for any hours worked in excess of 40 hours per week.

28.  Plaintiff frequently worked more than 40 hours per week in his employment with Defendant.  However, Defendant generally did not pay him overtime, as required by law, though it did pay overtime on a few occasions.

29.  Based on the above, Defendant violated the FLSA and Plaintiff is owed damages as provided in the statute.  This includes damages based on Defendant's wilful violation, though Plaintiff is entitled to recover for a statutory period even if Defendant proves that the violation was not wilful.

### COUNT IV:  VIOLATION OF FEDERAL EQUAL PAY ACT

30.  Plaintiff incorporates by reference all allegations made previously.

31.  Defendant is subject to the provisions of the Equal Pay Act.  29 U.S.C. § 206(d).

32.  The Equal Pay Act requires employers to pay employees the same rate which it

pays employees of the opposite sex for jobs requiring substantially equal skill, effort and responsibility under similar working conditions.

33.   As set forth above, Plaintiff did not receive a raise when a female employee assigned the Eastern Arkansas area, who performed substantially the same job duties as Plaintiff, who was assigned the Western Arkansas area, did receive a raise, though she actually had fewer cattle in the geographic area for which she was responsible than Plaintiff had in his.  This is a violation of the Equal Pay Act.  Further, Defendant acknowledged that Plaintiff was entitled to a comparable raise but did not ever provide it.

34.   Based on the above, Defendant violated the Equal Pay Act and Plaintiff is owed damages as provided in the statute.

## COUNT V:  VIOLATIONS OF ARKANSAS CIVIL RIGHTS ACT

35.   Plaintiff incorporates by reference all allegations made previously.

36.   The Defendant's acts as set forth above also constitute violations of the Arkansas Civil Rights Act, Ark. Code Ann. § 16-23-107, and entitle Plaintiff to monetary and injunctive relief, including compensatory damages, interest, punitive damages, costs, and a reasonable attorney's fee, from all Defendants.

## COUNT VI: VIOLATION OF ARKANSAS MINIMUM WAGE ACT ("AMWA")

37.   Plaintiff incorporates by reference all allegations made previously.

38.   Ark. Code Ann. § 11-4-211 requires employers to pay overtime at the rate of one and a half times the employee's regular rate for all hours in excess of 40 hours per week, unless the employee is exempt.  Plaintiff was not exempt.

39.   Accordingly, he was entitled to overtime pay for any hours worked in excess of

40 hours per week.

40.   Plaintiff frequently worked more than 40 hours per week in his employment with Defendant.  However, Defendant did not pay him overtime, as required by law.

41.   Based on the above, Defendant violated the AMWA and Plaintiff is owed damages as provided in the statute.  This includes damages based on Defendant's wilful violation, though Plaintiff is entitled to recover even if Defendant proves that the violation was not wilful.

### COUNT VII:   VIOLATION OF ARKANSAS WAGE DISCRIMINATION ACT

42.   Plaintiff incorporates by reference all allegations made previously.

43.   Defendant is subject to the provision of the Arkansas Wage Discrimination Act. 11-4-601 et seq.

44.   That Act requires employers to pay employees the same rate which it pays employees of the opposite sex for jobs requiring comparable work.  Id. at §610(a).

45.   As set forth above, Plaintiff did not receive a raise when a female employee who was assigned the Eastern Arkansas area and who performed substantially the same job duties as Plaintiff, who was assigned the Western Arkansas area, did receive a raise. Plaintiff and his counterpart were doing comparable work in these assigned territories. This in and of itself is a violation of the Arkansas Wage Discrimination Act, though it is heightened by the fact that she actually had fewer cattle in the geographic area for which she was responsible than Plaintiff had in his.

46.   Based on the above, Defendant violated the Equal Pay Act and Plaintiff is owed damages as provided in the statute.

## COUNT VIII: VIOLATION OF THE ARKANSAS AGE DISCRIMINATION ACT

47.   Plaintiff incorporates by reference all allegations made previously.

48.   At all relevant times, Plaintiff was in a protected category for purposes of the Arkansas Age Discrimination in Employment Act.  Ark. Code Ann. § 21-3-201 et seq.

49.   Defendant, a "public employer," engaged in prohibited age discrimination by not giving him a raise under the circumstances detailed above when Defendant gave a raise to a younger employee who was given substantially the same position as Plaintiff in her territory or assigned area, even though he was required to carry a larger workload than his younger counterpart.

50.   Based on the above, Defendant engaged in unlawful discrimination based on age and Plaintiff is owed damages as provided in the statute.

## COUNT IX:   BREACH OF CONTRACT; ESTOPPEL

51.   Plaintiff had a contract of employment with as an inspector for the Arkansas Livestock Poultry Commission.  When the inspector's positions for the Eastern and Western areas of Arkansas were created, the inspector for the Eastern area was given a 10% salary raise.  Plaintiff was given no raise.  Defendant promised Plaintiff that he would receive an equal-percentage raise, but he never did get paid that raise.

52.   Defendant's failure to fulfill the terms of its agreement was a breach of its contract with Plaintiff.

53.   In the alternative, Defendant is estopped to deny the promised salary increase and is obligated to pay Plaintiff that increased amount.

54.   Plaintiff intended to work until his 50th anniversary as an employee of the State

of Livestock and Poultry Commission.  He therefore is entitled to recover his lost income

from the promised salary increase which was never paid.

<u>**DAMAGES AND RELIEF REQUESTED**</u>

55.  Plaintiff incorporates by reference all allegations made previously.

56.  <u>Compensatory Damages</u>.  The conduct of Defendants as set forth herein

violation Plaintiff's rights under Title VII, 42 U.S.C. §§ 2000e, 1981, and 1983; the Fair

Labor Standards Act, the Equal Pay Act, the Arkansas Civil Rights Act, Arkansas common

law, and other applicable laws caused injuries, damages, and harm to Plaintiff, including

but not limited to, past and future lost wages and other economic loss, mental anguish,

impairment of future earning capacity, unpaid overtime, statutory and/or liquidated

damages including but not limited to double or treble damages, and other consequential

losses.  This amount is in excess of the minimum amount required for diversity jurisdiction.

57.  <u>Punitive Damages</u>. Because the acts of the Defendants were committed with

malice or under circumstances from which malice may be inferred, or, alternatively, are

intentional acts within the meaning of the provisions of the Arkansas Civil Rights Act,

Defendants are liable to Plaintiff for punitive damages in the maximum amounts allowed by

law.

58.  <u>Attorney's Fees</u>.  Plaintiff should be awarded attorney's fees as provided by

law.

59.  <u>Reinstatement</u>. Plaintiff should be reinstated to his previous position at the

time of his resignation.  Further, Defendants should be enjoined from discriminating

against Plaintiff in all future decisions concerning discipline, pay, promotion, job

assignment, or any other aspect of his employment following reinstatement.

60.  The discriminatory or otherwise illegal acts specified in this pleading are not intended to be an exclusive list of acts by Defendants or others employed by the State which create liability to Plaintiff.

61.  **PLAINTIFF DEMANDS TRIAL BY JURY.**

**WHEREFORE**, Plaintiff prays for the following relief against Defendants:

A.  Compensatory damages as allowed by law, including but not limited to back pay, front pay, the value of lost fringe benefits, mental anguish, loss of reputation, impairment of future earning capacity, double or trebled damages, and all other compensatory damages allowed by law.

B.  Equitable and/or injunctive relief afforded by applicable federal statues, included but not limited to reinstatement of Plaintiff's employment.

C.  Injunctive relief prohibiting Defendants from further acts of discrimination based on sex, age, or a combination of both.

D.  Punitive damages in the maximum amounts allowed by law.

E.  Reasonable attorney's fees and costs as authorized by applicable law.

DAILY & WOODS, P.L.L.C.
PO Box 1446
Fort Smith, AR 72902
(479) 782-0361
Email:  dcarson@dailywoods.com

By   /s/ Douglas M. Carson
       Douglas M. Carson
       Ark. Bar No. 83037

Attorneys for Plaintiff