IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**KENNETH RIGGINS**                                                              **PLAINTIFF**

**V.**                               **CASE NO. 3:24-CV-3001**

**STATE OF ARKANSAS**                                                       **DEFENDANT**

<u>**OPINION AND ORDER**</u>

Currently before the Court is Defendant State of Arkansas's Motion to Dismiss (Doc. 7) and Brief in Support (Doc. 8). Plaintiff Kenneth Riggins filed a Response in Opposition (Doc. 9) and Brief in Support (Doc. 10). For the reasons stated herein, the Motion is **GRANTED IN PART AND DENIED IN PART**.

Mr. Riggins alleges in his Complaint (Doc. 2) that he was constructively discharged from his job as Area Livestock Inspector Supervisor for the Livestock and Poultry Commission, which he asserts is an entity existing under the Arkansas Department of Agriculture. Though the State asserts that Mr. Riggins should have sued the Livestock and Poultry Commission and not the State itself, Mr. Riggins disagrees and maintains that his true employer was the State. The Court will assume the facts as Mr. Riggins pleads them and consider the State to have been his employer for purposes of evaluating this Motion.[1]

---

[1] The Complaint would require amendment if Mr. Riggins's true employer were the Livestock and Poultry Commission. However, even if that were the case, it is likely the Commission would qualify as an arm or instrumentality of the State—and the Court's Eleventh Amendment analysis below would apply equally to the Commission. *See Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court.").

Mr. Riggins brings the following causes of action against the State: (1) gender discrimination in violation of Title VII of the Civil Rights Act and the Arkansas Civil Rights Act ("ACRA"); (2) age discrimination under the Age Discrimination in Employment Act ("ADEA") and the Arkansas Age Discrimination Act ("AADA"); (3) failure to pay overtime in violation of Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"); (4) violations of the Equal Pay Act ("EPA") and the Arkansas Wage Discrimination Act ("AWDA"); and (5) breach of contract for failing to pay a promised 10% salary raise. In terms of relief, Mr. Riggins seeks compensatory and punitive damages, reinstatement to his previous position, and reimbursement of his attorney's fees and costs.

### I. Dismissal of Certain Claims Under Rule 12(b)(1)

The State argues that it cannot be sued in federal court for violations of most of the statutes cited in the Complaint due to Eleventh Amendment immunity. As a result, the State requests dismissal of these claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Such motions "may be resolved either on the face of the pleadings or upon factual determinations made in consideration of matters outside of the pleadings." *Bhd. of Maint. of Way Emps. Div. of Intern. Bhd. of Teamsters v. Union Pac. R.R. Co.*, 475 F. Supp. 2d 819, 834–35 (N.D. Iowa 2007) (citing *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). Here, the 12(b)(1) issues may be resolved on the face of the Complaint.

"[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Emps. v. Mo. Pub Health & Welfare*

*Dep't*, 411 U.S. 279, 280 (1973). "[T]he Eleventh Amendment's restriction on the federal judicial power is based in large part on 'the problems of federalism inherent in making one sovereign appear against its will in the courts of the other.'" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117 (1984) (quoting *Mo. Pub. Health & Welfare*, 411 U.S. at 294 (MARSHALL, J., concurring)). According to the Supreme Court's interpretation of the Eleventh Amendment, sovereign immunity may be waived and a "State may consent to suit against it in federal court." *Id.* at 99. However, a waiver of sovereign immunity by a State must be "unequivocally expressed." *Id.*

Alternatively, Congress may require a State to submit to suit in federal court for violations of the U.S. Constitution or violations of federal statute. "Congress has power with respect to the rights protected by the Fourteenth Amendment to abrogate the Eleventh Amendment immunity." *Id.* However, once again, such abrogation of State immunity "require[s] an unequivocal expression of intent [by Congress] to overturn the constitutionally guaranteed immunity of the several States." *Id.* (internal quotation and citation omitted). "The [Eleventh] Amendment thus is a specific constitutional bar against hearing even *federal* claims that otherwise would be within the jurisdiction of the federal courts." *Id.* at 120 (emphasis in original); *see also Principality of Monaco v. Mississippi*, 292 U.S. 313, 322 (1934) ("But, although a case may arise under the Constitution and laws of the United States, the judicial power does not extend to it if the suit is sought to be prosecuted by a State without her consent, by one of her own citizens.").

3

Even pendent state law claims are barred from proceeding in federal court if the State has not consented to be sued in that forum—regardless of the relief that has been requested. The Supreme Court clarified this point in *Pennhurst*, 465 U.S. at 120.

> [P]endent jurisdiction is a judge-made doctrine of expediency and efficiency derived from the general Art. III language conferring power to hear all "cases" arising under federal law or between diverse parties . . . . The Eleventh Amendment should not be construed to apply with less force to this implied form of jurisdiction than it does to the explicitly granted power to hear federal claims. The history of the adoption and development of the Amendment . . . confirms that it is an independent limitation on all exercises of Art. III power: "the entire judicial power granted by the Constitution does not embrace authority to entertain suit brought by private parties against a State without consent given," *Ex parte State of New York No. 1*, 256 U.S. 490, 497, 41 S.Ct. 588, 589, 65 L.Ed. 1057 (1921). If we were to hold otherwise, a federal court could award damages against a State on the basis of a pendent claim.

With those principles in mind, the Court now turns its attention to the State's Eleventh Amendment immunity claims as to each cause of action listed in the Complaint.

### A. Federal Claims

#### *1. ADEA and FLSA*

Mr. Riggins admits in his Response to the Motion to Dismiss that his ADEA and FLSA claims are barred by to Eleventh Amendment immunity. *See* Doc. 10, p. 4. The Court agrees.

The Supreme Court determined in *Kimel v. Florida Board of Regents* that private citizens could not sue the States in any court—federal or state—for violations of the ADEA because "Congress did not validly abrogate the States' sovereign immunity to suits" for violations of this federal statute. 528 U.S. 62, 91 (2000). The Court further noted that state employees were not without any avenue to sue for age discrimination, as most "are

4

protected by state age discrimination statutes and may recover money damages from their state employers, in almost every State of the Union." *Id.*

The Supreme Court has also made clear that "Congress did not lift the sovereign immunity of the States under the FLSA " *Mo. Pub. Health & Welfare*, 411 U.S. at 285; *see also id.* ("But we have found not a word in the history of the 1966 amendments to indicate a purpose of Congress to make it possible for a citizen of that State or another State to sue the State in the federal courts."). State employees are not entirely without recourse, however, when their employer fails to pay them adequate minimum wages and overtime compensation. The Supreme Court observed that the federal government is empowered to bring suit against the individual States. Consequently, the U.S. Secretary of Labor may bring suit against a State for unpaid minimum wages or unpaid overtime compensation and enjoin violations of the FLSA. *Id.* at 285–86.

Accordingly, Mr. Riggins's ADEA and FLSA claims are **DISMISSED** for lack of subject matter jurisdiction under Rule 12(b)(1).

### 2. Title VII of the Civil Rights Act

Arkansas is not immune from suit in federal court for claims arising under Title VII. *See Okruhlik v. Univ. of Ark.*, 255 F.3d 615, 627 (8th Cir. 2001) ("Since Congress expressed its unequivocal intent to abrogate immunity and acted pursuant to its constitutional authority, it validly abrogated the Eleventh Amendment for claims of disparate treatment and impact on the basis of gender and race."). Therefore, the Court

5

maintains valid subject matter jurisdiction over Mr. Riggins's gender discrimination claim under Title VII, which means the claim is not subject to dismissal under Rule 12(b)(1).

### 3. EPA

The Court also has subject matter jurisdiction over Mr. Riggins's EPA claim. "Congress properly abrogated the states' sovereign immunity when it enacted the EPA." *O'Sullivan v. Minnesota*, 191 F.3d 965, 967 (8th Cir. 1999). This claim is similarly not subject to dismissal under Rule 12(b)(1).

### B. State Law Claims

It was Mr. Riggins's burden to prove that the State consented to suit in federal court for violations of state common law and state statute. *See Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019). He failed to do this, and the Court is not aware that the State waived or abrogated its Eleventh Amendment immunity as to any state law claims alleged in the Complaint.[2]

---

[2] In particular, the Court located case law holding that employment-related contract claims brought by state employees are barred from litigation in federal court pursuant to Arkansas's immunity under the Eleventh Amendment. *See Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995) (dismissing state employee's contract claim). Moreover, the Arkansas Supreme Court has held that ACRA claims for damages against the State are barred by state sovereign immunity (also known as common-law sovereign immunity). *See Short v. Westark Comm. Coll.*, 347 Ark. 497, 504 (2002).

With all that said, however, Mr. Riggins is not likely to be left without any remedy at all against the State once the Court dismisses his pendent claims. The Arkansas State Claims Commission has jurisdiction over "[a] claim or action that is barred by the doctrine of sovereign immunity under Arkansas Constitution, Article 5, § 20, from being litigated in a court of general jurisdiction, except as otherwise provided by law." Ark. Code Ann. § 19-10-204(a)(1). And the Arkansas Supreme Court has suggested that wage and hour claims and contract claims should be brought before the Claims Commission. *See, e.g., Bd. of Trs. of Univ. of Ark. v. Andrews*, 2018 Ark. 12, at *11–12.

Accordingly, the Court finds that Arkansas is immune from suit in federal court as to all state statutory and common-law claims, and they are **DISMISSED** under Rule 12(b)(1) for lack of federal subject matter jurisdiction.

## II. Dismissal of Certain Claims Under Rule 12(b)(6)

As discussed above, the only two claims that are subject to the Court's jurisdiction are Count I, alleging gender discrimination under Title VII, and Count IV, alleging a violation or violations of the EPA. Arkansas argues that both claims should be dismissed under Rule 12(b)(6). The Court must therefore consider whether either claim, as pleaded in the Complaint, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Arkansas's only criticism of the Title VII claim is that the wrong defendant was named. As indicated previously, the Court declines to wade into this factual dispute on a Rule 12 motion and suggests that if Arkansas has proof that it is not Mr. Riggins's former employer, it should submit such proof in the context of a Rule 56 motion.

As for the EPA claim, Arkansas contends that the Complaint fails to adequately allege that the wage disparity between Mr. Riggins and his female counterpart was because of sex. The Court disagrees and finds Mr. Riggins has stated a plausible claim under the EPA. Accordingly, the 12(b)(6) Motions as to the Title VII and EPA claims are **DENIED**.

7

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant State of Arkansas's Motion to Dismiss (Doc. 7) is **GRANTED IN PART AND DENIED IN PART**. Counts II, III, V, VI, VII, VIII, and IX are **DISMISSED WITH PREJUDICE** under Rule 12(b)(1) for lack of subject matter jurisdiction due to Eleventh Amendment immunity, and Counts I and IV will remain for further adjudication. Plaintiff Riggins is **DIRECTED** to file an amended complaint that conforms to these rulings by no later than **May 28, 2024**.

**IT IS SO ORDERED** on this 15th day of May, 2024.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE