IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**KENNETH RIGGINS**                                                                            **PLAINTIFF**

VS.                             **CASE NO. 3:24-CV-03001-TLB**

**THE STATE OF ARKANSAS**                                          **DEFENDANT**

**ANSWER**

Comes Defendant State of Arkansas, by and through its counsel, Attorney General Tim Griffin and Senior Assistant Attorney General Carl F. "Trey" Cooper, III, and for its Answer to Plaintiff's Amended Complaint, states:

1. Defendant states that 42 U.S.C. §§ 1981, 1983, and 2000(e) speak for themselves. Defendant admits this Court has subject matter jurisdiction over the claims set forth in the Amended Complaint. Defendant denies any and all remaining allegations contained in paragraph 1 of Plaintiff's Amended Complaint.

2. Defendant admits that Plaintiff is a male who is a resident of Newton County, Arkansas. Defendant admits that Plaintiff was an employee of the Livestock and Poultry Division of the Arkansas Department of Agriculture. Defendant denies any and all remaining allegations contained in paragraph 2 of Plaintiff's Amended Complaint.

3. Defendant admits that Plaintiff was an employee of the Livestock and Poultry Division of the Arkansas Department of Agriculture. Defendant denies any and all remaining allegations contained in paragraph 3 of Plaintiff's Amended Complaint.

4. Defendant admits the allegations contained in paragraph 4 of Plaintiff's Amended Complaint.

5. Defendant states that Exhibit A and Exhibit B attached to Plaintiff's Amended Complaint speak for themselves. Defendant denies any and all remaining allegations contained in paragraph 5 of Plaintiff's Amended Complaint.

6. Defendant states that Plaintiff's Amended Complaint speaks for itself. Defendant denies any and all remaining allegations contained in paragraph 6 of Plaintiff's Amended Complaint.

7. Defendant admits that Plaintiff was an employee of the Livestock and Poultry Division of the Arkansas Department of Agriculture. Defendants lacks sufficient knowledge regarding "official records" issued and/or submitted to Plaintiff and to third parties identifying the State of Arkansas as Plaintiff's employer and therefore denies the same. Defendant denies any and all remaining allegations contained in paragraph 7 of Plaintiff's Amended Complaint.

8. Defendant admits that the Livestock and Poultry Division divided the State of Arkansas into East and West areas for Livestock and Poultry Inspectors. Defendant admits that Plaintiff was responsible for the West area. Defendant admits that a female was responsible for the East. Defendant admits that Plaintiff was paid more money than the female inspector responsible for the East area. Defendant denies the remaining allegations contained in paragraph 8 of Plaintiff's Amended Complaint.

9. Defendant denies the allegations contained in paragraph 9 of Plaintiff's Amended Complaint.

10. Defendant denies the allegations contained in paragraph 10 of Plaintiff's Amended Complaint.

11. Defendant denies the allegations contained in paragraph 11 of Plaintiff's Amended Complaint.

12. Paragraph 12 of Plaintiff's Amended Compliant does not contain allegations which require a response from Defendant. To the extent paragraph 12 of Plaintiff's Amended Complaint does contain allegations requiring a response, the allegations are denied.

13. Defendant admits the allegations contained in paragraph 13 of Plaintiff's Amended Complaint.

14. Defendant denies the allegations contained in paragraph 14 of Plaintiff's Amended Complaint.

15. Defendant denies the allegations contained in paragraph 15 of Plaintiff's Amended Complaint.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiff's Amended Complaint.

17. Paragraph 17 of Plaintiff's Amended Compliant does not contain allegations which require a response from Defendant. To the extent paragraph 17 of Plaintiff's Amended Complaint does contain allegations requiring a response, the allegations are denied.

18. Defendant states that 29 U.S.C. § 206(d) speaks for itself. Defendant denies any and all remaining allegations contained in paragraph 18 of Plaintiff's Amended Complaint.

19. Defendant states that the Equal Pay Act (29 U.S.C. § 206(d)) speaks for itself. Defendant denies any and all remaining allegations contained in paragraph 19 of Plaintiff's Amended Complaint.

20. Defendant denies the allegations contained in paragraph 20 of Plaintiff's Amended Complaint.

21. Defendant denies the allegations contained in paragraph 21 of Plaintiff's Amended Complaint.

22. Paragraph 22 of Plaintiff's Amended Compliant does not contain allegations which require a response from Defendant. To the extent paragraph 22 of Plaintiff's Amended Complaint does contain allegations requiring a response, the allegations are denied.

23. Defendant denies the allegations contained in paragraph 23 of Plaintiff's Amended Complaint.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiff's Amended Complaint.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiff's Amended Complaint.

26. Paragraph 26 of Plaintiff's Amended Compliant does not contain allegations which require a response from Defendant. To the extent paragraph 26 of Plaintiff's Amended Complaint does contain allegations requiring a response, the allegations are denied.

27. Defendant joins Plaintiff and also demands a jury trial.

28. Any allegation not specifically admitted herein is denied.

29. Defendant denies any and all allegations contained in the "WHEREFORE" paragraph of Plaintiff's Amended Complaint.

### AFFIRMATIVE DEFENSES

30. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

31. Plaintiff's Amended Complaint fails to state facts upon which damages or any other relief may be awarded.

32. The Court lacks subject matter jurisdiction over this action.

33. Plaintiff's claims are barred by the applicable statute of limitations.

34. Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

35. Plaintiff's claims are barred by the doctrine of laches (or equitable estoppel).

36. Plaintiff failed to mitigate damages.

37. Plaintiff is barred from filing a Title VII action because he has failed to meet the procedural prerequisites for a Title VII filing.

38. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise.

39. Plaintiff is not entitled to the damages and other relief requested.

40. The employment decisions with regard to Plaintiff were based on nondiscriminatory reasons and that the business-judgment rule applies.

41. Plaintiff's claims against Defendant, regardless of the relief sought, are barred by the doctrine of sovereign immunity.

42. Plaintiff did not suffer any injury.

43. Defendant asserts that it was not the party ultimately responsible for setting up and adjusting Plaintiff's salary.

44. Defendant reserves the right to amend or supplement this pleading as defenses become apparent or available during the course of litigation.

WHEREFORE, Defendant, the State of Arkansas, respectfully requests that this Court dismiss Plaintiff's lawsuit with prejudice and for any all other just and proper relief.

Respectfully submitted,

TIM GRIFFIN
Attorney General


Carl F. "Trey" Cooper, III
Ark Bar No. 2007294
Senior Assistant Attorney General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
Phone:  (501) 682-3658
Fax:      (501) 682-2591
Email:  trey.cooper@arkansasag.gov

*Attorneys for Defendant, State of Arkansas*

6